**ORIGINAL**

REISSUED FOR PUBLICATION
25 APR 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 16-1719V
Filed: March 29, 2017
Not to be Published



MAR 29 2017

OSM
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JU WON LEE,  * | |
| * | |
| Petitioner,  * | |
| * | PPV/23 ("Pneumovax") vaccine; |
| v.  * | not on Vaccine Injury Table; |
| * | case dismissed |
| SECRETARY OF HEALTH  * | |
| AND HUMAN SERVICES,  * | |
| * | |
| Respondent.  * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ju Won Lee, Los Angeles, CA, pro se.
Sarah C. Duncan, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On December 30, 2016, petitioner Mr. Lee filed a petition alleging that a PPV/23 ("Pneumovax") vaccination in his left deltoid on September 26, 2016 caused him right shoulder pain. Petition at pages 3, 7, and 9 (because petitioner did not number the pages in his petition and attached medical records, the undersigned numbered them by hand, starting with page 1 which is Mr. Lee's handwritten letter.)

On February 24, 2017, Chief Special Master Nora Beth Dorsey issued a Scheduling and Reassignment Order, giving Mr. Lee until March 10, 2017 to call or e-mail Terriesa Felder to set up an initial status conference and reassigning the case to the undersigned Special Master Laura

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's enclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

D. Millman. Petitioner Mr. Lee failed to contact Terriesa Felder by March 10, 2017 or at any time thereafter.

On March 13, 2017, the undersigned issued an Order to Show Cause why this case should not be dismissed, giving a response date of March 27, 2017. Petitioner did not respond to this order.

Under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), which established the Vaccine Program, the undersigned does not have authority to decide whether or not PPV/23 ("Pneumovax") caused him a vaccine injury because PPV/23 is not on the Vaccine Injury Table. Since the vaccine that petitioner Mr. Lee received is not on the Vaccine Injury Table, the undersigned must dismiss his case.

The undersigned **ORDERS** this case **DISMISSED**.

## DISCUSSION

Congress created the Vaccine Program in a statute passed in 1986, effective October 1, 1988, to permit the parents of children who had received certain vaccines listed on the Vaccine Injury Table and reacted to them to receive compensation. Congress created the Vaccine Injury Table as part of the statute, listing the vaccines recommended for children in the Vaccine Act. In addition, adults who received the same vaccines recommended for children could also sue under the Vaccine Act to receive compensation for vaccine reactions. However, if they received a vaccine not listed on the Vaccine Injury Table, their suits would be dismissed.

A full description of the National Vaccine Injury Compensation Program ("VICP") is available at: https://www.hrsa.gov/vaccinecompensation (last visited: March 9, 2017). In the website's section on vaccines covered under the VICP is the statement: "Note: Pneumococcal polysaccharide vaccine (PPSV, PPV) is not a VICP-covered vaccine." https://www.hrsa.gov/vaccinecompensation/coveredvaccines/index.html (last visited: March 9, 2017). The pneumococcal vaccine recommended for children is a conjugate vaccine, which is different than the polysaccharide vaccine that petitioner Mr. Lee received. One of the names for the conjugate vaccine is Prevnar, also known as PPV/13. If petitioner Mr. Lee had received Prevnar (PPV/13) vaccine, which is given to both adults and children, the undersigned would have authority under the Vaccine Program to decide whether or not he is entitled to compensation. But, because petitioner Mr. Lee received Pneumovax (PPV/23), a polysaccharide vaccine, the undersigned does not have authority to decide whether petitioner Mr. Lee is entitled to compensation under the Vaccine Program.

Petitioner never responded to the undersigned's Order to Show Cause or to the Chief Special Master's Order to telephone the undersigned's judicial assistant to set up a telephonic status conference. Besides dismissing this case because the undersigned does not have authority to determine if PPV/23 caused Mr. Lee a shoulder injury, the undersigned dismisses this case under Vaccine Rule 21(b)(1) for petitioner's failure to obey two orders.

This case is **DISMISSED.**

## CONCLUSION

This petition is **DISMISSED.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 29, 2017

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3